UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CHRISTOPHER SHANK (#451620)**                          CIVIL ACTION

**VERSUS**

**N. BURL CAIN, ET AL.**                                 NO. 07-0105-B-M2

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in chambers in Baton Rouge, Louisiana, October 9, 2008.

_____

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**CHRISTOPHER SHANK (#451620)**                        **CIVIL ACTION**

**VERSUS**

**N. BURL CAIN, ET AL.**                                **NO. 07-0105-B-M2**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the motion for partial summary judgment of defendants Richard Stalder, Burl Cain, Ramon Singh and Louis Briggs, rec.doc.no. 26, and the motion for summary judgment of defendant Mia Tran, rec.doc.no. 32.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, commenced this action pursuant to 42 U.S.C. § 1983 and named Secretary Richard Stalder, Warden Burl Cain, Dr. Ramon Singh, Dr. Mia Tran, Louis Briggs and Eddie Mauhall as defendants herein.[1] The plaintiff complains that his constitutional rights were violated, commencing in March, 2005, through deliberate indifference to his serious medical needs, through the requirement that he perform work which aggravated his medical condition.

Addressing first the motion for partial summary judgment of defendants Richard Stalder, Burl Cain, Ramon Singh and Louis Briggs, rec.doc.no. 26, the moving defendants assert, relying upon the affidavits

---

[1] The record reflects that attempts by the United States Marshal's Office to serve defendant Eddie Mauhall have proven unsuccessful because the Louisiana Department of Public Safety and Corrections has refused to accept service on this defendant's behalf, stating that there is "no one by that name employed by the DOC", rec.doc.no. 24. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, the failure of a plaintiff to serve a defendant within 120 days of commencement of an action is cause for dismissal of that defendant from the proceedings. It is appropriate, therefore, that the plaintiff's claims against defendant Eddie Mauhall be dismissed, without prejudice.

of Rhonda Z. Weldon, Tara Bonnette and Trish Foster, and the record of the plaintiff's administrative remedy proceedings, that the plaintiff has failed to exhaust administrative remedies relative to his claims against these defendants.  In this regard, pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him prior to the institution of suit in federal court relative to prison conditions.  This provision is mandatory and allows for no exceptions.  Further, pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure.  Supporting affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

From a review of the defendants' exhibits, it appears that the plaintiff commenced an administrative grievance on or about March 2, 2006. In this grievance, he asserted that, upon arrival at LSP in March, 2005, he was examined by defendant Dr. Mia Tran.  Although the plaintiff allegedly reported complaints of ankle pain, Dr. Tran was of the conclusion that the plaintiff was suffering from a "sprained ankle", and she did not provide the plaintiff with a limited duty status, resulting in the plaintiff having to perform painful work in the LSP fields.  When the plaintiff thereafter sought further medical attention and additional diagnostic testing for his ankle, Dr. Tran continued to refuse his requests and continued to refuse to provide him with a limited duty status.  Finally, the plaintiff was seen by a second physician at LSP, Dr. Roundtree (not named as a defendant herein), who ordered a referral for additional diagnostic testing.  The plaintiff complains, however, that

when this diagnostic testing was completed and showed "extensive damage" to the plaintiff's ankle, he still was not given a limited duty status. The plaintiff concludes his administrative grievance by requesting relief "for the neglect of Dr. Tran's professionalism and for rejecting my meritful claims for further testing and a duty status."

From the foregoing, it appears clear that the plaintiff has failed to exhaust administrative remedies against defendants Richard Stalder, Burl Cain, Ramon Singh and Louis Briggs .  These defendant are not even mentioned in the grievance, and the plaintiff makes no suggestion in the grievance that anyone other than defendant Mia Tran was responsible for his complaints.  It appears clear, therefore, that the plaintiff has failed to exhaust administrative remedies relative to his claims asserted against these defendants and that the motion for partial summary judgment, rec.doc.no. 26, should be granted, dismissing the plaintiff's claims against them.

Turning to the motion for summary judgment of defendant Mia Tran, rec.doc.no. 32, she asserts her entitlement to dismissal relying upon the pleadings, a Statement of Undisputed Fact, a copy of the plaintiff's voluminous medical records, the affidavit of Dr. Jonathan Roundtree and her own affidavit.  The plaintiff has filed no opposition in response to the defendant's motion.

Pursuant to well-established legal principles, in order for an inmate to state a claim under the Eighth Amendment of improper or inadequate attention to medical needs, a prisoner must assert that appropriate care was denied and that the denial constituted "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Johnson v. Treen, 759 F.2d 1236 (5th Cir. 1985).  Whether the plaintiff received the treatment or accommodation

that he feels he should have is not the issue.  Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) supra; Woodall v. Foti, 648 F.2d 268 (5th Cir. 1981).  Nor do negligence, neglect, unsuccessful medical treatment or even medical malpractice give rise to a § 1983 cause of action.  Varnado v. Lynaugh, 920 F.2d 320 (5th Cir. 1991); Johnson v. Treen, supra.  Rather, as stated in Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."

In the instant case, the affidavits of Dr. Jonathan Roundtree and the defendant Dr. Mia Tran, together with the plaintiff's medical records, reflect that, after arrival at LSP on March 1, 2005, he was first seen by Dr. Tran on March 22, 2005, at which time he complained of pain in his right ankle.  The notes from this visit indicate that there was no noted swelling, deformity or tenderness.  Accordingly, Dr. Tran did not provide the plaintiff with a limited duty status.  Notwithstanding, Dr. Tran ordered that an x-ray be taken and that a follow-up examination be scheduled.  On March 25, 2005, the x-ray was performed and indicated no abnormality.[2]  On May 19, 2005, the follow-up appointment was conducted, and again Dr. Tran noted no deformity or tenderness in the plaintiff's ankle.  The plaintiff was seen again by defendant Tran on June 20, July 28, August 23, and August 25, 2005, but the notes from these visits reflect no complaints of ankle pain.  Finally, on September 22, 2005, the plaintiff was seen by Dr. Jonathan Roundtree for complaints of right ankle pain, and Dr. Roundtree detected a positive, but entirely subjective

---

[2] The Court notes that the plaintiff's medical records reflect a 5-day no-duty status issued to the plaintiff on March 13, 2005, and a six-month limited duty status "out of the field" issued to the plaintiff on April 15, 2005.

response to a test for ankle stability.  Accordingly, Dr. Roundtree scheduled the plaintiff for a referral to see an orthopedic specialist.  This visit took place on October 24, 2005, at which time another x-ray was ordered together with a follow-up appointment.  As before, the x-ray was negative, but at the follow-up appointment on December 19, 2005, the plaintiff was given a referral for an MRI at Earl K. Long Hospital in Baton Rouge, Louisiana ("EKL").  This test was conducted on January 6, 2006, and did in fact show a condition in the plaintiff's ankle which might warrant surgical intervention.  Accordingly, the specialist at EKL recommended a limited duty status for the plaintiff of "no running, jumping, or prolonged walking".  Upon return to LSP, Dr. Abriam reviewed this recommendation and in fact issued such a limited duty status for six months, with a recommended follow-up visit.  The medical records indicate that the plaintiff has received regular continuing treatment and follow-up consultations since that time for his complaints.

   Based upon the foregoing, it appears clear that although the plaintiff has not been satisfied with the medical care which he has received at LSP, his complaints have nonetheless been attended to and have not been ignored.  Specifically, the medical records indicate that he was repeatedly seen for his complaints by Dr. Tran and was provided with diagnostic x-rays in an effort to determine the cause of these complaints.  The results of these x-rays were normal, and the plaintiff's examinations repeatedly revealed no tenderness, swelling or other abnormality.  Finally, an MRI was ordered and conducted in January, 2006, and when this test revealed a potentially significant injury to the plaintiff's ankle, the plaintiff was apparently provided with a limited duty status and with further follow-up appointments thereafter.  Thus, it appears that the plaintiff has been seen on numerous occasions by nurses, physicians and medical technicians.  He has been issued pain medication and has been

given a limited duty status in response to his complaints. He has been referred on repeated occasions for diagnostic testing and for consultation with outside experts. In short, it is abundantly clear that the defendant has not ignored his complaints but has sought to diagnose, ameliorate and treat his ongoing symptoms and complaints. Based upon this attention to the plaintiff's medical complaints, the Court is unable to conclude that defendant Tran has been deliberately indifferent to the plaintiff's serious medical needs. To the contrary, the most which may be inferred from the plaintiff's allegations is that the defendant's conduct has amounted, if at all, to negligence or medical malpractice which is not a cognizable claim under § 1983. Oliver v. Collins, 904 F.2d 278 (5th Cir. 1990); Thompkins v. Belt, 828 F.2d 298 (5th Cir. 1987). Accordingly, on the record before the Court, there is no factual basis for the imposition of liability against defendant Tran on this claim.

Finally, the plaintiff in this case has offered no opposition whatever to the defendant's Motion for Summary Judgment. Nor has he submitted any affidavit or other evidence suggesting that there is any substantive merit to his claim. In this regard, it is clear that a party may not rest upon mere allegations or denials contained in his pleadings in opposing a motion for summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Jacquez v. Procunier, 801 F.2d 789 (5th Cir. 1986); Fontenot v. Upjohn Company, 780 F.2d 1190 (5th Cir. 1986); John Hancock Mut. Life Ins. v. Johnson, 736 F.2d 315 (5th Cir. 1984). In order to meet his burden, the party opposing a motion "may not sit on [his] hands, complacently relying" on the pleadings. Weyant v. Acceptance Ins. Co., 917 F.2d 209 (5th Cir. 1990). The non-moving party must designate specific evidence in the record of sufficient caliber and quantity to create a genuine issue for trial such that a rational finder of fact could return a verdict in his favor. Matsushita Electric

Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 106 S.Ct. 2501, 91 L.Ed.2d 202 (1986); Phillips Oil Company v. OKC Corporation, 812 F.2d 265 (5th Cir. 1987). Upon the plaintiff's failure in this case to come forward with any opposition, argument, affidavit or other evidentiary showing to refute the defendant's motion in this case, summary judgment should be granted in favor of the defendant as a matter of law.

## RECOMMENDATION

It is recommended that the plaintiff's claims against defendant Mauhall be dismissed for failure of the plaintiff to serve this defendant within 120 days as mandated by Rule 4(m) of the Federal Rules of Civil Procedure. It is further recommended that the motion for partial summary judgment of defendants Richard Stalder, Burl Cain, Ramon Singh and Louis Briggs, rec.doc.no. 26, be granted, dismissing the plaintiff's claims against these defendants, without prejudice, for failure to exhaust administrative remedies as mandated by 42 U.S.C. § 1997e. It is further recommended that the motion for summary judgment of defendant Mia Tran, rec.doc.no. 32, be granted, dismissing the plaintiff's claims against this defendant, with prejudice, and that this action be dismissed.

Signed in chambers in Baton Rouge, Louisiana, October 9, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**